# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| JOSHUA SCOTT MOONEY, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Case No. 15-CV-0197-TCK-PJC |
| JOE ALLBAUGH, | ) | |
| Respondent.[1] | ) | |

## OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1) filed Petitioner Joshua Scott Mooney, a state prisoner appearing pro se. Respondent filed a response in opposition to the petition (Dkt. # 9) and provided the state court record (Dkt. ## 9, 10) necessary for resolution of Petitioner's claims. Petitioner filed a reply (Dkt. # 13). For the reasons discussed below, the Court denies the petition for a writ of habeas corpus.

## *BACKGROUND*

On December 17, 2012, Petitioner broke into a home in Jenks, Oklahoma with the intent to steal property from the homeowners, William and Marellie Robinson. Dkt. # 10-

---

[1] Petitioner is currently incarcerated at the Davis Correctional Facility in Holdenville, Oklahoma. Joe Allbaugh, Director of the Oklahoma Department of Corrections, is therefore substituted in place of Carl Bear as party Respondent. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The Clerk of Court shall note this substitution on the record.

8, O.R., at 14.[2] The Robinsons were not home, but their adult daughter, Mary Brice Escue, arrived at the home while Petitioner was inside. Dkt. # 9-8, at 1; Dkt. #9-9, at 4. Using a gun he found inside the home, Petitioner directed Escue to a different room of the house then shot her in the head, killing her. Dkt. # 9-8, at 1. Petitioner left the Robinsons' home in Escue's car and drove to Creek County where he was arrested the next day. Dkt. # 9-9, at 4. Petitioner was 14 years old at the time. *Id.*

By Information filed January 3, 2013, in the District Court of Tulsa County, Case No. CF-2013-54, the State of Oklahoma charged Petitioner as an adult with first-degree murder, in violation of OKLA. STAT. tit. 21, § 701.7, and second-degree burglary, in violation of OKLA. STAT. tit. 21, § 1435. Dkt. # 10-8, O.R., at 14; *see* OKLA. STAT. tit. 10A, § 2-5-205(A) ("Any person thirteen (13) or fourteen (14) years of age who is charged with murder in the first degree shall be held accountable for the act as if the person were an adult; provided, the person may be certified as a youthful offender or a juvenile as provided by this section" unless the person was previously certified to stand trial or sentenced as an adult).

The Tulsa County Public Defender's Office was appointed to represent Petitioner on January 3, 2013. Dkt. # 9-9, at 4. Six days later, Petitioner's attorney, Jack Zanerhaft, filed a motion to certify Petitioner as a youthful offender or juvenile (hereafter, "motion for reverse certification"). Dkt. # 10-8, O.R., at 19; *see* OKLA. STAT. tit. 10A, § 2-5-

---

[2] "O.R." refers to the original record from the state district court. For consistency, the Court's record citations refer to the CM/ECF header page number in the upper right-hand corner of each document.

205(D)(1) (requiring motion for certification as youthful offender or juvenile to be filed before preliminary hearing). A special judge, sitting as a magistrate, presided over Petitioner's preliminary hearing and several evidentiary hearings on his motion for reverse certification. Dkt. # 10-8, O.R., at 7-10; Dkt. # 9-19, at 1. On June 19, 2013, after consideration of the factors set forth in OKLA. STAT. tit. 10A, § 2-5-205(E), the magistrate granted Petitioner's motion to be certified as a youthful offender. Dkt. # 9-2, Hr'g Tr. vol. 4, at 3-14. The State appealed. Dkt. # 10-8, O.R., at 80; *see* OKLA. STAT. tit. 10A, § 2-5-205(F) (providing order certifying person as youthful offender or juvenile is immediately appealable to the Oklahoma Court of Criminal Appeals).

On June 24, 2013, the magistrate granted the State's motion to add a third charge against Petitioner: robbery with a firearm, in violation of OKLA. STAT. tit. 22, § 801. Dkt. # 10-8, O. R., at 10.

By order filed September 27, 2013, in Case No. JS-2013-627, the Oklahoma Court of Criminal Appeals (OCCA) took the State's appeal under advisement and remanded the matter to the magistrate for further evidentiary proceedings. Dkt. # 9-7, at 1. On October 25, 2013, following an evidentiary hearing, the magistrate issued written findings of fact and conclusions of law and denied Petitioner's motion for reverse certification. Dkt. # 9-8, at 1-4. Pursuant to the OCCA's remand order, Petitioner and the State simultaneously filed supplemental briefs with the OCCA addressing the magistrate's decision on remand. Dkt. # 9-7, at 2; *see* Dkt. # 9-9 (Petitioner's supplemental brief). By unpublished opinion filed January 9, 2014, in Case No. JS-2013-627, the OCCA affirmed the magistrate's

decision denying Petitioner's motion for reverse certification. Dkt. # 9-10, *State v. J.S.M.*, No. JS-2013-627, (Okla. Crim. App. 2014) (unpublished) (hereafter, "OCCA Op."), at 7.

On April 4, 2014, Petitioner, still represented by Zanerhaft, pleaded guilty as charged pursuant to a negotiated plea agreement. Dkt. # 9-11, Guilty Plea/Summary of Facts form, at 3-4; Dkt. # 10-7, Plea Hr'g Tr., at 7-8. Following a thorough plea colloquy, the state district court found a factual basis for the guilty pleas, determined Petitioner's pleas were knowing and voluntary, accepted the pleas, and found Petitioner guilty. Dkt. # 10-7, Plea Hr'g Tr., at 3-10. The court imposed a life sentence for the murder conviction, a seven-year sentence for the burglary conviction, and a life sentence for the robbery conviction, with all sentences to be served concurrently. *Id.* at 10. The court confirmed that Petitioner understood and signed the section of the plea form advising Petitioner of his appeal rights. *Id.* at 11. The court also advised Petitioner that if he wished to appeal he must file an application to withdraw his pleas within 10 days of the sentencing hearing. *Id.* at 12.

Petitioner did not move to withdraw his pleas within 10 days of sentencing nor did he otherwise attempt to perfect a certiorari appeal with the OCCA. Dkt. # 9, at 3; Dkt. # 9-19, at 2. *See* Rule 4.2, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2018) (establishing requirements for seeking certiorari appeal following conviction on guilty plea). On September 3, 2014, Petitioner filed a pro se application for post-conviction relief in state district court, seeking an out-of-time appeal. Dkt. # 9-15, PC App., at 1. *See* Rule 2.1(E), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2018) (providing procedures for obtaining out-of-time appeal). By order

4

filed December 12, 2014, the state district court recommended denial of Petitioner's request for an out-of-time appeal, finding Petitioner failed to show he was denied an appeal "through no fault of his own." Dkt. # 9-17, at 1-2; *see* Rule 2.1(E)(1), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2018); *Blades v. State*, 107 P.2d 607 (Okla. Crim. App. 2005).

Petitioner perfected a post-conviction appeal. Dkt. # 9-18. By order filed February 2, 2015, in Case No. PC-2015-23, the OCCA affirmed the state district court's order. Dkt. # 9-19, *Mooney v. State*, No. PC-2015-23 (Okla. Crim. App. 2015) (unpublished) (hereafter, "OCCA PC Order"), at 4.

Petitioner filed the instant federal habeas petition on April 17, 2015. Dkt. # 1. He seeks federal habeas relief on three grounds:

> Ground 1: OCCA adjudication State v. J.S.M., No. JS-2013-627 Jan. 9, 2014 (unpublished) (reprinted at O.R. 26-33) was contrary to or involved an unreasonable application of clearly established federal law as established by the U.S. Supreme Court Application of 14th, 6th, 8th, Amendments U.S.C.A.
>
> Ground 2: Counsel did not advise Petitioner of rights to perfect youthful offender appeal and right to court appointed counsel
>
> Ground 3: Respondents [sic] adjudication by OCCA was a denial of due process, equal protection, and abuse of discretion under 28 USCA§§ 2254(d)

Dkt. # 1, at 4, 6-7. Respondent contends, for several reasons, that Petitioner is not entitled to relief on any of his claims. Dkt. # 9.

5

*DISCUSSION*

Because Petitioner is a state prisoner, the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254, governs this Court's review of his habeas petition.[3] A federal court may grant habeas relief to a state prisoner "only on the ground that [the prisoner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). State prisoners who allege only violations of state law generally are not entitled to federal habeas relief. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) ("[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts.").

In addition, before seeking federal habeas relief, the prisoner must exhaust available state-court remedies, *id.* § 2254(b)(1)(A), by "fairly present[ing] the substance of his federal habeas claim[s] to state courts," *Hawkins v. Mullins*, 291 F.3d 658, 668 (10th Cir. 2002). Section 2254(b)(1)(A) generally "prohibits federal courts from granting habeas relief to state prisoners who have not exhausted available state remedies." *Ellis v. Raemisch*, 872 F.3d 1064, 1076 (10th Cir. 2017). As a result, "a federal court should dismiss unexhausted claims without prejudice so that the [prisoner] can pursue available state-court remedies." *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (quoting *Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006)). However, dismissal of unexhausted claims "is not appropriate if the state court would now find the claims

---

[3] In most cases, a state prisoner must file a federal habeas petition within one year of the date on which his convictions became final. 28 U.S.C. § 2244(d)(1). Respondent does not challenge the timeliness of the habeas petition. Dkt. # 9, at 4.

procedurally barred on independent and adequate state procedural grounds." *Id.* at 892 (quoting *Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999)). Rather, any unexhausted claims that the state court would find procedurally barred, should the prisoner return to state court to exhaust them, are subject to an anticipatory procedural bar and are procedurally defaulted for purposes of federal habeas review. *Id.*; *see also Anderson v. Sirmons*, 476 F.3d 1131, 1140 n. 7 (10th Cir. 2007) (defining "anticipatory procedural bar"). Notwithstanding the failure to exhaust state remedies, a federal court may also simply "deny the petition on the merits if none of the [prisoner's] claims has any merit." *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (quoting *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)); *see also* 28 U.S.C. § 2254(b)(2).

When a state court adjudicates the merits of a state prisoner's federal claims, a federal court may grant habeas relief only if the prisoner demonstrates that the state court's adjudication of those claims either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1),[4] or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding, *id.* § 2254(d)(2). Under

---

[4] As used in § 2254(d)(1), the phrase "clearly established Federal law" means "the governing legal principle or principles" stated in "the holdings, as opposed to the dicta, of [the United States Supreme Court's] decisions as of the time of the relevant state-court decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (quoting *Terry Williams v. Taylor*, 529 U.S. 362, 412 (2000)). "The absence of clearly established federal law is dispositive under § 2254(d)(1)." *House v. Hatch*, 527 F.3d 1010, 1018 (10th Cir. 2008). Thus, "only if [a federal court] answer[s] affirmatively the threshold question as to the existence of clearly established federal law, may [the court] ask whether the state court decision is either contrary to or an unreasonable application of such law." *Id.*

7

§ 2254(d)(1), if the state court's decision "'identifies the correct governing legal principle' in existence at the time, a federal court must assess whether the decision 'unreasonably applies that principle to the facts of the prisoner's case.'" *Id.* (quoting *Terry Williams*, 529 U.S. at 413). An "unreasonable application of" clearly established federal law under § 2254(d)(1) "must be 'objectively unreasonable,' not merely wrong; even clear error will not suffice." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quoting *Lockyer*, 538 U.S. at 75-76). To support a claim that the state court unreasonably applied clearly established federal law, a state prisoner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Similarly, under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). "As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings." *Richter*, 562 U.S. at 102. The AEDPA imposes this nearly-complete bar because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* at 102-03 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

If a state court denies a prisoner's federal claims on procedural grounds, without reaching the merits of those claims, those claims are procedurally defaulted for purposes

8

of federal habeas review. *See Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (noting general rule that "a federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule"). When a prisoner has procedurally defaulted his federal claims in state court, or when the prisoner's claims are deemed defaulted under the doctrine of anticipatory procedural bar, federal habeas review is barred unless the prisoner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law" or that a "fundamental miscarriage of justice" will result if the court does not review the claim. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "When questions of procedural bar are problematic, however, and the substantive claim can be disposed of readily, a federal court may exercise its discretion to bypass the procedural issues and reject a habeas claim on the merits." *Cannon v. Mullin*, 383 F.3d 1152, 1160 (10th Cir. 2004).

**I.     The OCCA adjudicated the merits of Petitioner's Ground 2 claim.**

Having reviewed the state court record and other materials submitted by the parties, the Court finds that Petitioner's Ground 2 claim is properly exhausted and that the OCCA adjudicated this claim on the merits. In Ground 2, Petitioner claims "counsel did not advise Petitioner of [his] rights to perfect [a] youthful offender appeal and right to court appointed counsel." Dkt. # 1, at 6. In support of this claim Petitioner recites the procedural history of his state court post-conviction proceeding and appears to allege he received ineffective assistance of counsel during his reverse certification proceeding. *Id.*

The OCCA addressed this claim in Petitioner's post-conviction appeal and rejected it. Specifically, the OCCA understood Petitioner's claim as asserting (1) that he was denied

his right to appeal the magistrate's decision denying his motion for reverse certification and (2) that counsel was ineffective for failing to advise him of his right to appeal that decision. Dkt. # 9-19, OCCA PC Order, at 2-3. The OCCA found both claims to be "meritless." *Id.* The OCCA reasoned:

> Appellate review of the decision denying reverse certification occurred before this Court in the unusual context of an appeal that the State had perfected challenging the Magistrate's initial order granting youthful offender certification. Following remand of that initial order for further proceedings pending appeal, the Magistrate entered an order denying reverse certification and leaving Petitioner to stand trial as an adult. In that still pending State appeal in which Petitioner remained a party, this Court took up appellate review of that subsequent order entered on remand. After full briefing by Petitioner's counsel and the State, this Court affirmed the Magistrate's final order on remand.
>
> Petitioner has been afforded full appellate review. Neither before this Court nor the District Court, has Petitioner explained how appellate review was deficient. Additionally, Petitioner fails to show how failure of counsel to advise him of the right to appeal the Magistrate's certification orders, or advise him of his right to have counsel in that appeal, could constitute ineffective assistance of counsel when Petitioner received full appellate review of the certification orders and had representation of appellate counsel during that review.

*Id.* at 3-4. In rejecting Petitioner's ineffective-assistance-of-counsel claim, the OCCA cited *Strickland v. Washington*, 466 U.S. 668, 692 (1984), which requires a petitioner to show that counsel's performance was deficient and that counsel's deficient performance prejudiced the petitioner. Dkt # 9-19, OCCA PC Order, at 4 n.2.

Respondent contends habeas relief this claim is barred under § 2254(d)(1) because Petitioner fails to demonstrate that the OCCA's application of *Strickland* was objectively unreasonable. Dkt. # 9, at 19-24. The Court agrees. Applying *Strickland*, the OCCA determined counsel's performance was not deficient in either respect alleged by Petitioner.

10

Dkt. # 9-19, OCCA PC Order, at 3-4 & n.2. More specifically, the OCCA reasoned that counsel did not perform deficiently by failing to advise Petitioner of either his right to appeal the magistrate's decision or his right to appointed counsel to pursue that appeal because Petitioner did, in fact, obtain "full appellate review" of the magistrate's decision with the assistance of appointed counsel. *Id.* at 3-4.

Because the record clearly demonstrates that Petitioner obtained appellate review of the magistrate's decision denying his motion for reverse certification and that he was represented by appointed counsel during that appeal, it was entirely reasonable for the OCCA to reject his ineffective-assistance-of-counsel claim. As a result, the Court denies habeas relief as to Ground 2.

**II.    Petitioner's remaining claims are not cognizable on habeas review, are procedurally barred, or lack merit.**

Petitioner's remaining claims are difficult to decipher but, even liberally construed, are either (1) not cognizable on habeas review, (2) procedurally barred, or (3) without merit.[5]

**A.    Ground 1**

Petitioner identifies his Ground 1 claim as challenging the OCCA's decision, filed January 9, 2014, in Case No. JS-2013-627, affirming the magistrate's decision denying his

---

[5] Because Petitioner appears *pro se*, this Court must liberally construe his habeas petition. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the rule of liberal construction neither permits the Court to craft arguments on a pro se litigant's behalf nor requires the Court to "scour the record" for facts supporting his claims. *Crawford v. Addison*, 526 F. App'x 893, 895 (10th Cir. 2013) (unpublished).

11

motion for reverse certification. Dkt. # 1 at 4. He asserts the OCCA's decision "was contrary to or involved an unreasonable application of clearly established federal law as establish[ed] by the U.S. Supreme Court" and specifically refers to the OCCA's "[a]pplication of [the] 14th, 6th, [and] 8th, Amendments." *Id.* In the section of his habeas petition designated for facts supporting this claim, Petitioner states:

> March 3, 2013, Counsel filed Motion to Dismiss Count One (Murder First Degree) as Unconstitutional when applied to a Fourteen-year-old Offender and Combined Brief in support thereof. March 6, 2013 Counsel filed Motion to Dismiss Count Two. Petitioner upon certification as an adult would be barred from raising Ineffective Assistance of Trial Counsel which was asserted on Appeal in JS-2013-627. This claim could not be reviewed once petitioner was sentenced as adult waived postconviction review of claims.

Dkt. # 1, at 4-5. In the section of his habeas petition designated for an explanation of why this issue was not raised on direct appeal, Petitioner further states: "Counsel was not required to raise ineffective assistance against himself and post-conviction relief was not available for Ineffective claims on plea[s of] guilty as adult waived appellate review and out of time review." *Id.* at 5.

Respondent argues that Petitioner fails to state a cognizable federal habeas claim in Ground 1. Dkt. # 9, at 8-15. Alternatively, Respondent contends that, to the extent Petitioner attempts to raise a due process claim, he fails to demonstrate a due process violation. *Id.* at 15-16. Further, Respondent argues, to the extent Petitioner seeks to reassert any claims that his counsel raised in two motions filed during the reverse certification proceeding, those claims and any ineffective-assistance-of-counsel claim arising from counsel's actions or omissions related to those motions, are procedurally barred and without merit. *Id.* at 17-18.

For several reasons, the Court finds Petitioner is not entitled to habeas relief on his Ground 1 claim. First, even liberally construing Petitioner's Ground 1 claim, this Court cannot discern a cognizable habeas claim related to the OCCA's decision in JS-2013-627, filed January 9, 2014. In that decision, the OCCA considered Petitioner's arguments that (1) the OCCA erred in remanding the State's appeal for further evidentiary hearings on Petitioner's motion for reverse certification and (2) that the magistrate abused its discretion in denying the motion for reverse certification following remand. Dkt. # 9-10, OCCA Op., at 3-7. The OCCA's decision on these issues is based entirely on its application of state law governing whether a minor charged as an adult should be certified as a youthful offender or juvenile. *Id.* Petitioner fails to identify any portion of the OCCA's decision that applied, much less unreasonably applied, clearly established federal law on any issues arising under either the Fourteenth, Sixth or Eighth Amendments.

Second, to the extent Petitioner's Ground 1 claim could be construed as alleging he was denied procedural due process during his reverse certification proceedings, the Court agrees with Respondent that the record does not demonstrate any due process violation.[6] The Supreme Court has held that before a juvenile may be prosecuted in adult court, the State must, at the very least, provide the juvenile with a hearing and assistance of counsel. *Kent v. United States*, 383 U.S. 541, 557 (1966); *Gonzales v. Tafoya*, 515 F.3d 1097, 1115

---

[6] Assuming Petitioner presents a due process claim as construed by this Court, it is not apparent that he raised that claim in state court. As such, the claim would likely be procedurally defaulted under the doctrine of anticipatory procedural bar. Nonetheless, the Court bypasses the procedural issue because this claim may be readily disposed of on the merits. *See Cannon*, 383 F.3d at 1160.

13

(10th Cir. 2008). However, "the [Supreme] Court has never attempted to prescribe criteria for, or the nature or quantum of evidence that must support, a decision to transfer a juvenile for trial in adult court." *Breed v. Jones*, 421 U.S. 519, 537 (1975). Under Oklahoma law, the State may prosecute as an adult any 14-year-old who commits first-degree murder. OKLA. STAT. tit. 10A, § 2-5-205(A). However, the law permits the accused to seek certification as a youthful offender or juvenile by filing a motion before the preliminary hearing. *Id.* § 2-5-205(D)(1). More importantly, the law provides for evidentiary hearings on that motion, a status determination before the accused is bound over for trial, and an immediate appeal to the OCCA from an order granting or denying a motion for reverse certification. *Id.* § 2-5-205(C)-(F). The record in this case clearly demonstrates that Petitioner was afforded these procedural protections and was represented by appointed counsel during reverse certification proceedings. As a result, to the extent Petitioner asserts a due process claim in Ground 1 based on perceived deficiencies in his reverse certification proceedings, he fails to establish a due process violation.

Third, to the extent Petitioner reasserts the Eighth Amendment claim his counsel raised in a pretrial motion, that claim fails on the merits.[7] Before the preliminary hearing, Petitioner's counsel moved to dismiss the murder charge "as unconstitutional when applied to a fourteen-year-old juvenile defendant." Dkt. # 9-20, at 1. Counsel argued that the

---

[7] As discussed below, Petitioner did present an Eighth Amendment claim to the magistrate and the OCCA during reverse certification proceedings, but not after his sentence was imposed. The Court declines to decide whether this would constitute fair presentation of the claim because the Court finds it more efficient to dispose of this claim on the merits. *See Cannon*, 383 F.3d at 1160.

14

murder charge subjected Petitioner "to a potential sentence of life with no possibility of parole, without the opportunity to present mitigating evidence, in violation of the 8th and 14th Amendments." *Id.* The magistrate denied the motion. Dkt. # 9-22, at 7-8. Counsel then attempted to revive the Eighth Amendment claim in the supplemental brief filed with the OCCA following the magistrate's decision on remand. There, in the conclusion section of the brief, counsel "urged [the OCCA] to read (or reread) *Miller v. Alabama*, - U.S. -, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012), and cases cited therein, for the Supreme Court's analysis of why the imposition of a mandatory life term in a juvenile case constitutes a violation of the Eighth Amendment." *Id.* at 23. Counsel also cited *Roper v. Simmons*, 543 U.S. 551 (2005), and *Graham v. Florida*, 560 U.S. 48 (2010). *Id.* at 23-24 & n.27. Petitioner acknowledged in his supplemental brief that Oklahoma law does not provide for a mandatory term of life without parole but he argued that being subject to a non-mandatory sentence of life without parole, without permitting the sentence to consider mitigating evidence, could violate the Eighth Amendment as interpreted in *Miller*. *Id.* at 23 n.26. To date, the Supreme Court has held that juvenile offenders may not be sentenced to death (*Roper*), may not be sentenced to life without the possibility of parole for non-homicide offenses (*Graham*), and may not be sentenced to mandatory life without the possibility of parole for a homicide (*Miller*). In a fourth case not cited by Petitioner, *Montgomery v. Louisiana*, 136 S. Ct. 718, 726, 734 (2016), the Supreme Court explained that while *Miller* "did not foreclose a sentencer's ability to impose life without parole on a juvenile" who commits murder, it nevertheless prohibited that sentence for "all but the rarest of juvenile offenders, those whose crimes reflect permanent incorrigibility." Given that Petitioner

15

committed homicide as a juvenile and is serving a sentence of life *with* the possibility of parole, he fails to present a colorable Eighth Amendment claim.

Fourth and finally, to the extent Petitioner's Ground 1 claim alleges that he received ineffective assistance of counsel, in violation of the Sixth Amendment, during reverse certification proceedings or that he was barred from raising that claim in post-conviction proceedings, he is not entitled to relief on that claim. As previously discussed, the OCCA reviewed and rejected Petitioner's Sixth Amendment claim in resolving Petitioner's post-conviction appeal; thus, he was not barred from raising that claim in post-conviction proceedings. Moreover, the OCCA's application of *Strickland* to reject that claim was objectively reasonable; thus, the extent Petitioner raises the same Sixth Amendment claim in Ground 1 as he raised in Ground 2, that claim fails here for the same reasons.

For all of these reasons, the Court denies habeas relief on Ground 1.

**B.     Ground 3**

Petitioner identifies his Ground 3 claim as one asserting that "Respondents [sic] adjudication by OCCA was a denial of due process, equal protection and abuse of discretion under USCA §§ 2254(d)." *Id.* at 7. In his statement of supporting facts, he alleges, in part, that a "child or youthful offender has no redress to seek out of time appeal procedure" when the "child or youthful offender follows the advice of counsel to Stipulate to waiver of certification orders that are appealable as final orders." *Id.* In addition, he cites the OCCA's procedural rules for seeking an out-of-time direct, certiorari or post-conviction appeal and points out that no similar rules exist for "perfecting [an] out of time

appeal for youthful offenders" seeking review of an order granting or denying certification as a youthful offender. *Id.* at 8.[8]

Respondent contends Petitioner's third claim "presents no basis for federal habeas corpus relief," because his allegations attack the OCCA's post-conviction ruling rather than the state court judgment under which he remains in custody. Dkt. # 9, at 24-25.

For two reasons, the Court finds Petitioner is not entitled to federal habeas relief on this claim. First, construing Petitioner's Ground 3 claim in the same manner as Respondent, namely, as a collateral attack on the OCCA's decision denying his request for an out-of-time appeal or other post-conviction relief, the Court agrees with Respondent that Petitioner fails to state a cognizable habeas claim. *See Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (noting that "no constitutional provision requires a state to grant post-conviction review" and finding habeas petitioner failed to state a cognizable habeas claim "because the constitutional error he raise[d] focuse[d] only on the State's post-conviction remedy and not the judgment which provide[d] the basis for his incarceration").

Second, to the extent Petitioner's Ground 3 claim instead challenges, on either equal protection or due process grounds, the constitutionality of Oklahoma's decision to provide procedures for out-of-time appeals to adult offenders but not to youthful offenders, the Court finds those claims are procedurally barred. Petitioner asserted the same equal

---

[8] In Ground 3, Petitioner also reasserts that he (1) "was not made aware of his right to appeal" the magistrate's decision denying his motion for reverse certification or that "sentencing as an adult would bar appeal of" that order, and (2) that counsel was ineffective for failing to advise him of his right to appeal the magistrate's decision. *Id.* at 8. As previously discussed, this claim is without merit. Thus, to the extent his Ground 3 claim also includes this claim, the Court denies habeas relief for the reasons previously stated.

protection/due process claims in his application for post-conviction relief, *see* Dkt. # 9-15, at 2-3, but the state district court did not address them, *see* Dkt. # 9-17, at 1-3. Likewise, the OCCA did not address these claims on post-conviction appeal, citing Petitioner's failure to "assert error in any failure of the District Court to address" those claims. Dkt. # 9-19, OCCA PC Order, at 3 n.1. As a result, Petitioner failed to "fairly present[] the substance of his" equal protection and due process claims to the OCCA. *Hawkins v. Mullins*, 291 F.3d at 668. And, should he attempt to return to state court now to exhaust those claims, the state courts would likely find them procedurally barred. *See* OKLA. STAT. tit. 22, § 1086 (providing that any ground for post-conviction relief "knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence" may not be raised in a second or subsequent application for post-conviction relief). Nothing in the record suggests Petitioner could overcome the procedural default of these claims. However, even assuming he could, he would not be entitled to relief on the merits of his as-applied challenge to the constitutionality of Oklahoma's post-conviction procedures. Even a liberal construction of Petitioner's post-conviction application shows that his purpose in seeking an out-of-time appeal was to challenge the magistrate's decision denying his motion for reverse certification, i.e., the appeal he believes he never had. Dkt. # 9-15, at 2-3. However, as discussed, the OCCA reviewed the magistrate's decision denying his motion for reverse certification in the course of resolving the State's appeal from the magistrate's original decision granting Petitioner's motion. *See* Dkt. # 9-10, OCCA Op., at 3-7; Dkt. # 9-19, OCCA PC Order, at 3-4. Thus, to the extent Petitioner sought an out-of-time appeal to perfect a "youthful offender appeal," *id.*, at 2, there was no

factual basis to support his request. As a result, the Court finds no merit to his claims that the lack of any state law procedures for a youthful offender to obtain an appeal out of time violated his right to equal protection and due process.

For these reasons, the Court denies habeas relief on Ground 3.

## *CONCLUSION*

Based on the foregoing analysis, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Therefore, the Court denies his petition for a writ of habeas corpus as to all claims asserted therein. To the extent Petitioner requests either an evidentiary hearing or appointment of counsel, *see* Dkt. # 1 at 8, the Court denies those requests as moot.

## **Certificate of Appealability**

Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, requires a district court "issue or deny a certificate of appealability when it enters a final order adverse to the [petitioner]." The district court may issue a certificate of appealability (COA) "only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies a habeas petition by rejecting the merits of a petitioner's constitutional claims, the petitioner must show "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when the district court denies the habeas petition on procedural grounds, the petitioner must show both "[1] that jurists of reason would find it debatable whether the petition states a

valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

For these reasons discussed in the analysis section of this Opinion, the Court concludes that Petitioner cannot show that this Court's resolution of his constitutional claims or its procedural rulings would be subject to debate among reasonable jurists. Thus, the Court denies a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The Clerk of Court shall note the substitution of Joe Allbaugh, in place of Carl Bear as party Respondent.

2. The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.

3. To the extent Petitioner requests an evidentiary hearing or appointment of counsel, those requests are **denied**.

4. A certificate of appealability is **denied**.

5. A separate Judgment shall be entered herewith.

**DATED** this 5th day of October 2018.

TERENCE C. KERN
United States District Judge